E-FILED
Friday, 02 July, 2021 10:52:04 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| COREY LAMAR WALKER, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KENDRA *et al.*, )<br>    Defendants. ) | Case No. 2:21-cv-02015-JES |

## MERIT REVIEW ORDER

**JAMES E. SHADID, United States District Judge:**

Before the Court is a complaint [1] filed under 42 U.S.C. § 1983 by Plaintiff *pro se* Corey Lamar Walker, who is presently detained at the Macon County Public Safety Building ("Jail").

Title 28 U.S.C. § 1915A requires the Court to "screen" Plaintiff's amended complaint, and through such process identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1

Plaintiff's complaint identifies the following Jail officials and institutions as Defendants: Nurses Kendra and Doe, Assistant Jail Superintendent Scott E. Flannery; Quality Correctional Healthcare ("QCHC"), the Macon County Sheriff's Department ("Department") and the Jail.

Upon entering the Jail, Plaintiff informed "the staff" that he made physical contact with someone who may have had a sexually transmitted disease ("STD"). (ECF 1: p. 5.) After five days in the Jail's healthcare unit ("HCU"), Plaintiff's request to be released from the HCU was granted. A week later, Plaintiff's vital signs were checked. At that time, Plaintiff told the HCU nurse about his STD concerns and asked to be tested. The nurse refused because Plaintiff acknowledged that he did not have any STD infection symptoms.

A week later, Plaintiff had a "greenish discharge" and felt a slight burning sensation. (*Id*. p. 6.) Plaintiff told Defendant Doe about his symptoms, but Doe did not provide Plaintiff any medical care. Plaintiff claims that he has had stomach pains, was throwing up blood, and continued to experience discharge but had not received any medical care, despite filing numerous medical slips and grievances.

To prevail on a claim alleging inadequate medical care, a pretrial detainee must prove three elements: (1) the medical condition is or was objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly concerning the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, not rationally related to a legitimate governmental objective. *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019).

Construing Plaintiff's allegations broadly and accepting them as accurate—as the Court must at this initial stage—the Court finds Plaintiff states a Fourteenth Amendment violation against Defendant Doe for not providing medical care when Plaintiff presented with STD

symptoms. The Court notes that despite naming Defendants Flannery and Kendra, Plaintiff does not provide facts to infer they violated his constitutional rights. Merely invoking the name of a potential defendant is not enough to state a constitutional claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" which Plaintiff has failed to accomplish. Fed. R. Civ. P. 8(a)(2). However, Flannery will remain as a Defendant in this case for the sole purpose of facilitating the identification of Doe. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548 (7th Cir. 1996) (holding that a court may allow the case to proceed to discovery against a high-level official with the expectation that he will aid in identifying any Doe defendants.)

Defendant QCHC can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby [clarify] that municipal liability is limited to action for which the municipality is … responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Plaintiff does not state a claim against QCHC as he does not allege a QCHC policy was

3

the direct cause or moving force behind any constitutional violation alleged. *See Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) ("The plaintiff . . . must establish a causal link between the corporation's policy (or lack of policy) and the plaintiff's injury."); *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012) ("To establish municipal liability, a plaintiff must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights.") (quoting *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007)).

Similarly, Plaintiff's attempt to sue the Jail and the Department also fails. A building, such as a jail, cannot be sued under § 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983."); *see also Whiting v. Marathon County Sheriff's Dept.*, 382 F.3d 700., 704 (7th Cir. 2004) (concluding that the sheriff's department is not a legal entity separable from the county government which it serves and therefore, not subject to suit).

**IT IS THEREFORE ORDERED:**

1) **Pursuant to its merit review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has alleged enough facts to proceed with his Fourteenth Amendment claim against Defendant Doe. Accordingly, any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The Court DIRECTS the Clerk of the Court ("Clerk") to terminate Defendants Kendra, QCHC, the Department, and the Jail as parties to Plaintiff's suit. However, Defendant Flannery will remain as a party for the sole purpose of identifying Defendant Doe.**

3) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant**

notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendant by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver of service. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an Answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the Answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing

address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

11) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

12) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED July 2, 2021.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE